**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

STATE OF DELAWARE      )
                                      )

      v.                          )        ID Nos. 1701016650B,
                                        )                  1702004090A,

THERION REESE,        )                1705016514A
                                        )

     Defendant.         )

Date Submitted:  February 16, 2021
Date Decided: April 29, 2021

### ORDER

Upon consideration of Defendant's Motion for Postconviction Relief and Motion to Appoint Counsel and Hold Evidentiary Hearing;[1] the responses to those Motions submitted by the State and by Defendant's trial counsel, Kevin P. Tray, Esquire;[2] Superior Court Criminal Rule 61; statutory and decisional law; and the record in this case, **IT APPEARS THAT**:

1. On June 27, 2019, Defendant pled guilty to Second-Degree Murder, Second-Degree Assault, Possession of a Firearm During the Commission of a Felony, and Possession of a Firearm by a Person Prohibited.[3] In an order issued on October 11, 2019, effective February 6, 2017, the Court sentenced Defendant to an unsuspended term of 28 years at Level V followed by several years of probation.[4]

---

[1] D.I. 55.
[2] ID No. 1701016650B, D.I. 20, 21; ID No. 1702004090A, D.I. 64, 66; ID No. 1705016514A, D.I. 64, 66.
[3] ID No. 1701016650B, D.I. 6; ID No. 1702004090A, D.I. 49; ID No. 1705016514A, D.I. 49.
[4] ID No. 1701016650B, D.I. 8; ID No. 1702004090A, D.I. 51; ID No. 1705016514A, D.I. 51.

2. On August 26, 2020, Defendant filed a Motion for Postconviction Relief and a Motion to Appoint Counsel and Hold Evidentiary Hearing (collectively, the "Rule 61 Motions").[5] In his Motion for Postconviction Relief, Defendant asserts the following grounds for relief: (1) Coercion of Plea, (2) Ineffective Assistance of Counsel ("IAC"), and (3) "Withdrawal of Plea to Murder 2nd."[6]

3. As for the first ground, Defendant asserts that his trial counsel, Kevin P. Tray, Esquire ("Trial Counsel"), indirectly coerced him into pleading guilty.[7] That is, according to Defendant, Trial Counsel convinced Defendant's friends and family to pressure Defendant into pleading guilty.[8]

4. As for the second ground, Defendant asserts that Trial Counsel failed to investigate the facts of the case—in particular, a co-defendant's confession.[9] In light of that confession, Defendant argues, Trial Counsel should not have allowed Defendant to plead guilty to the Second-Degree Murder charge.[10]

5. As for the third ground, Defendant merely restates the allegations that he asserts in the first and second grounds.[11] The Court understands this "ground" as a statement of Defendant's requested relief—namely, withdrawal of his guilty plea

---

[5] ID No. 1701016650B, D.I. 17; ID No. 1702004090A, D.I. 60; ID No. 1705016514A, D.I. 61.
[6] ID No. 1701016650B, D.I. 17; ID No. 1702004090A, D.I. 60; ID No. 1705016514A, D.I. 61.
[7] ID No. 1701016650B, D.I. 17; ID No. 1702004090A, D.I. 60; ID No. 1705016514A, D.I. 61.
[8] ID No. 1701016650B, D.I. 17; ID No. 1702004090A, D.I. 60; ID No. 1705016514A, D.I. 61.
[9] ID No. 1701016650B, D.I. 17; ID No. 1702004090A, D.I. 60; ID No. 1705016514A, D.I. 61.
[10] ID No. 1701016650B, D.I. 17; ID No. 1702004090A, D.I. 60; ID No. 1705016514A, D.I. 61.
[11] ID No. 1701016650B, D.I. 17; ID No. 1702004090A, D.I. 60; ID No. 1705016514A, D.I. 61.

as to the Second-Degree Murder charge pursuant to Superior Court Criminal Rule 32(d).[12]

6. In his Motion to Appoint Counsel and Hold Evidentiary Hearing, Defendant argues that the allegations outlined above warrant further investigation by means of an evidentiary hearing.[13] He requests appointment of counsel to assist him during that hearing.[14]

7. Before addressing the merits of Defendant's arguments, the Court must consult the four procedural bars in Rule 61(i).[15] Pursuant to Rule 61(i)(1), Defendant had to file his Rule 61 Motions within one year after his judgment of conviction became final.[16] He filed his Motions on August 26, 2020, so the procedural bar in Rule 61(i)(1) does not apply. Nor do the procedural bars in Rule 61(i)(2), (3), or (4). Defendant has not filed any prior Rule 61 motions, Defendant could not have asserted his Coercion of Plea and IAC claims before his conviction, and neither of

---

[12] Del. Super. Ct. Crim. R. 32(d) ("If a motion for withdrawal of a plea of guilty or nolo contendere is made before imposition or suspension of sentence or disposition without entry of a judgment of conviction, the court may permit withdrawal of the plea upon a showing by the defendant of any fair and just reason. At any later time, a plea may be set aside only by motion under Rule 61.").

[13] ID No. 1701016650B, D.I. 18; ID No. 1702004090A, D.I. 61; ID No. 1705016514A, D.I. 62.

[14] ID No. 1701016650B, D.I. 18; ID No. 1702004090A, D.I. 61; ID No. 1705016514A, D.I. 62.

[15] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

[16] Defendant's Rule 61 Motions do not "assert[] a retroactively applicable right that is newly recognized after the judgment of conviction is final . . . ." Del. Super. Ct. Crim. R. 61(i)(1). Defendant was sentenced on October 11, 2019, and he did not take a direct appeal, so his judgment of conviction became final on November 10, 2019. Del. Super. Ct. Crim. R. 61(m)(1). So Defendant had to file his Rule 61 Motions by November 10, 2020.

Defendant's grounds for relief were previously adjudicated. The Court now proceeds to the merits.

8. The record shows that Defendant was not coerced into pleading guilty. To begin, "a defendant's statements to the Superior Court during the guilty plea colloquy are presumed to be truthful."[17] During Defendant's plea colloquy, the Court and Defendant had the following exchange in open court:

| | |
|---|---|
| The Court: | Have you freely and voluntarily decided to plead guilty to the charges in your written plea agreement? |
| The Defendant: | Yes. |
| The Court: | Have you been promised anything not stated in the written plea? |
| The Defendant: | No. |
| The Court: | Has your lawyer, the State[,] or anyone threatened or forced you to enter into this plea? |
| The Defendant: | No.[18] |

9. The Court then turned to the Truth-In-Sentencing Guilty Plea Form.[19] The Court listed each offense on the form to which Defendant was to plead guilty and the sentencing range for each offense.[20] Defendant affirmed that, by pleading guilty to those offenses, he was admitting that he had committed them.[21] Toward

---

[17] *Somerville v. State*, 703 A.2d 629, 632 (Del. 1997)
[18] Guilty Plea Transcript, June 27, 2019, at 15:10–20.
[19] *Id.* at 15:21–22.
[20] *Id.* at 16:23–18:3.
[21] *Id.* at 18:4–8.

4

the end of the colloquy, the Court provided an opportunity for Defendant to raise any additional concerns, but Defendant stated that he had no concerns to raise.[22] Absent clear and convincing evidence to the contrary, which he has not identified, Defendant is bound by his representations during the plea colloquy and in the Truth-in-Sentencing Guilty Plea Form.[23] Accordingly, the Court finds no merit to Defendant's claim that Trial Counsel coerced Defendant into pleading guilty.

10. The final issue is Defendant's IAC claim. Defendant's argument is that Trial Counsel failed to investigate the facts of the case—namely, a co-defendant's confession; had he done so, Defendant contends, he would not have allowed Defendant to plead guilty to Second-Degree Murder. To assess IAC claims, Delaware courts use the two-prong test outlined in *Strickland v. Washington*[24]:

> In order to prevail on a claim of ineffective assistance of counsel after a defendant has entered a guilty plea, the defendant must demonstrate that (i) counsel's representation fell below an objective standard of reasonableness, and (ii) counsel's actions were so prejudicial that there is a reasonable probability that, but for counsel's errors, the defendant would not have pleaded guilty and would have insisted on going to trial.[25]

"Under the first prong, judicial scrutiny is 'highly deferential.' Courts must ignore the 'distorting effects of hindsight' and proceed with a 'strong presumption' that

---

[22] *Id.* at 19:9–15 ("The Court: 'Do you have any concerns at this point you wish to discuss with the Court?' The Defendant: 'No.'").

[23] *Dawud v. State*, 2020 WL 917345, at *2 (Del. Feb. 26, 2020) (citing *Somerville v. State*, 703 A.2d 629, 632 (Del. 1997)).

[24] *See, e.g.*, *Jones v. State*, 2021 WL 1259520, at *1 (Del. Apr. 5, 2021).

[25] *Id.*

counsel's conduct was reasonable."[26] The Court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct."[27] Under the second prong, the defendant "must make specific allegations of actual prejudice and substantiate them. These allegations must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[28]

11. As for the first *Strickland* prong, Defendant has not shown that Trial Counsel's representation fell below an objective standard of reasonableness. Defendant argues that Trial Counsel had access to his co-defendant's confession to the murder, so Trial Counsel should not have allowed Defendant to plead guilty to Second-Degree Murder. Trial Counsel denies that he was provided with the confession.[29] Trial Counsel also explains that he informed Defendant that even if his co-defendant had pulled the trigger, he could be found guilty of the murder as an

---

[26] *Sierra v. State*, 242 A.3d 563, 571 (Del. 2020) (quoting *Strickland v. Washington*, 466 U.S. 668, 689 (1984)).

[27] *Id.* at 572 (internal quotation marks omitted) (quoting *Strickland v. Washington*, 466 U.S. 668, 690 (1984)).

[28] *Id.* (internal quotation marks and citations omitted).

[29] ID No. 1701016650B, D.I. 20; ID No. 1702004090A, D.I. 64; ID No. 1705016514A, D.I. 64; *see also* ID No. 1701016650B, D.I. 21; ID No. 1702004090A, D.I. 66; ID No. 1705016514A, D.I. 66 ("The Defendant's reliance on an affidavit by his codefendant Isaiah Baird claiming responsibility for the murder of Kaden Young, which Mr. Tray did not have while representing Reese, is unconvincing given the overwhelming evidence to the contrary and the obvious motivations of both Mr. Reese and Mr. Baird.").

accomplice.[30] In Trial Counsel's view, the evidence suggested that this would be the probable result.[31]

12. As for the second *Strickland* prong, the Court finds that Defendant was not prejudiced by Trial Counsel's actions. In fact, upon review of the evidence, it appears that Trial Counsel prudently counseled Defendant to plead guilty. As noted above, a key issue at trial would have been whether Defendant was an accomplice as to the homicide committed by his co-defendant. This determination would have hinged on what the evidence suggested about Defendant's state of mind. The evidence included statements attributed to Defendant in which he said that "he and his associates were getting their 'body counts' up."[32] Trial Counsel also noted that there was an eyewitness who recalled Defendant calling over his co-defendant and verbally directing him to shoot the victim.[33] In light of this and other evidence, it is unclear that Defendant would have fared better at trial than he did by pleading guilty. Accordingly the Court finds no merit to Defendant's IAC claim.

**NOW THEREFORE**, Defendant's Motion for Postconviction Relief and Motion to Appoint Counsel and Hold Evidentiary Hearing are **DENIED**.

---

[30] ID No. 1701016650B, D.I. 20; ID No. 1702004090A, D.I. 64; ID No. 1705016514A, D.I. 64.
[31] *See* ID No. 1701016650B, D.I. 20; ID No. 1702004090A, D.I. 64; ID No. 1705016514A, D.I. 64.
[32] ID No. 1701016650B, D.I. 20; ID No. 1702004090A, D.I. 64; ID No. 1705016514A, D.I. 64.
[33] ID No. 1701016650B, D.I. 20; ID No. 1702004090A, D.I. 64; ID No. 1705016514A, D.I. 64.

**IT IS SO ORDERED.**

*Jan R. Jurden*

_____

Jan R. Jurden, President Judge

Original to Prothonotary
cc:    Therion Reese (SBI# 00640476)
       Daniel B. McBride (DAG)
       Kevin P. Tray